Robert Jones, Respondent, v. Leila Mott, Appellant.— Appeal from an order of the County Court, Madison County, dated September 29, 1953, affirming the judgment of a Justice of the Peace in favor of the plaintiff and dismissing the defendant's appeal to the County Court, and from the judgment of affirmance entered thereon. The record is confused as to whether the County Court dismissed the appeal for technical reasons or affirmed the judgment on the merits after the argument of the appeal. However, upon the oral argument in this court, the attorney for the appellant stipulated in open court that his appeal could be treated as an appeal from a judgment of affirmance by the County Court and that this court could accordingly pass upon the merits of the controversy. Upon the merits, we find that the evidence sustained the verdict of the jury in the Justice's Court. The action was brought to recover $300 upon an oral agreement alleged to have been made by the defendant, through her attorney, to pay the plaintiff that sum in settlement of the plaintiff's claims and in consideration of his moving off the defendant's farm property. The principal question argued in this court was whether the attorney had authority to enter into the settlement agreement on the defendant's behalf. There was sufficient evidence to permit the jury to find that the defendant, through her daughter, had authorized the attorney to settle the controversy. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

■

Willis C. Egerton, Respondent, v. Fortunato Lavarello, Appellant.— Appeal from a judgment rendered in Supreme Court, Albany County. Defendant is a brother-in-law of plaintiff. The proof shows, and the jury could find, that on October 6, 1951, defendant invited the plaintiff to come to his property in Albany to repair a small porch in the rear of the building. Plaintiff testified that defendant walked out on the porch and that plaintiff followed him; the porch " went through " and plaintiff fell and was injured. There was an admission attributed to defendant that he did not know he had " left the stoop weaken so much ". From the record before it the jury could find that the porch was in a dangerous condition which defendant as its owner and in control of it ought to have known; that the knowledge that it was to be repaired did not necessarily charge plaintiff with a knowledge of the kind of danger that would exist by merely walking on it, especially since it could be found that plaintiff followed defendant on the porch and might be found by the jury to have relied on defendant's judgment as to its safety for this purpose. We are of opinion that plaintiff was not negligent as a matter of law and that the verdict in his favor is not against the weight of the evidence. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.